22-4234
RE

Date: 1 / 11 / 2023
Delivery via Regular Mail
Clerk's Office
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3525

Re: U.S. vs. Lankford, 4th Cir. Docket 22-4234

Dear Clerk

Enclosed, is my Pro Se Brief, as of the above-date my appointed counsel still has not provided me with the Motion hearing transcript and Motion(s) decision(s) for Argument II. Nonetheless, I am submitting my brief so I won't be time-barred from filing. I apologize for the unexpected delay.

Thank you for your time and consideration in this matter.

Respectfully Submitted,

Joshua Lankford

Joshua I. Lankford
Reg.# 64899-037
FCI - Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
Pro Se - Appellant

C: Mary W. Setzer
Asst. U.S. Attorney
Baltimore, MD

Mr. Justin Eisele (Esq.)
SEDDIQ LAW FIRM
Rockville, MD

RECEIVED

2023 JAN 17 PM 3: 15

U.S. COURT OF APPEALS
FOURTH CIRCUIT

CASE NO. 22-4234

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

-against-

JOSHUA I. LANKFORD,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE (19-cr-371-CCB)

PRO SE SUPPLEMENTAL BRIEF

Joshua I. Lankford
Reg.# 64899-037
FCI-Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
Defendant-Pro Se

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . ii
Statement of Jurisdiction . . . . . . . . . 1
Procedural History . . . . . . . . . . . 2
Statement of the Case . . . . . . . . 3
Questions Presented . . . . . . . . . 4
Standard of Review . . . . . . . . -5

Arguments

I. THE WAIVER DOES NOT BAR AN APPEAL OF PRETRIAL
    MOTION DECISIONS OR A CHALLENGE TO THE
    VALIDITY OF THE GUILTY PLEA BEFORE THIS
    U.S. COURT OF APPEALS . . . . . . . . . 6

II. THE LOWER COURT ERRED IN DENYING THE
    DEFENSE MOTIONS TO SUPPRESS AND
    EXCLUDE CERTAIN PREJUDICIAL EVIDENCE
    THAT WOULD HAVE ABROGATED THE
    DEFENDANT'S RIGHT TO A FAIR TRIAL . . . . . 9

III. THE APPELLANT ENTERED THE PLEA
    AGREEMENT INVOLUNTARY AND UNINTELLIGENTLY
    DUE TO INEFFECTIVE ASSISTANCE
    OF COUNSEL VIOLATING HILL VS. LOCKHART . . 12

Conclusion . . . . . . . . . . . 15
Certificate of Compliance . . . . . . 16
Certificate of Service . . . . . . 17

## Table of Authorities

case-law

Bousley vs. U.S., 523 U.S. 614 (1998) . . . . . . . . . 12

Hill vs. Lockhart, 474 U.S. 52 (1985) . . . . . . . . . 13

U.S. vs. Edgell, 914 F.3d 281 (4th Cir. 2019) . . . . . . 5

U.S. vs. Adams, 814 F.3d 178 (4th Cir. 2016) . . . 6

U.S. vs. Camou, 773 F.3d 932 (9th Cir. 2014) . . . 10

U.S. vs. Fuertes, 805 F.3d 485 (4th Cir. 2015) . . . 5

U.S. vs. Fisher, 711 F.3d 460 (4th Cir. 2013) . . . 8

U.S. vs. Fitzgerald, 820 F.3d 107 (4th Cir. 2016) . . . 7

U.S. vs. Lull, 824 F.3d 109 (4th Cir. 2016) . . . 5

U.S. vs. South, 2022 U.S. App LEXIS 23015 (4th Cir.) . . . . . 5

U.S. vs. Swaby, 855 F.3d 233 (4th Cir. 2017) . . . 13

U.S. vs. Tedford, 875 F.2d 446 (5th Cir. 1989) . . . 9

U.S. vs. Wurie, 728 F.3d 1 (1st Cir. 2013) . . . 10

Statutes, Rules & Constitutional Provisions

4th Cir. Local Rule 32(b) . . . . . . . . . 16

Fed. R. Crim. P. Rule 4 . . . . . . . . . . 9

Fed. R. Crim. P. Rule 7 . . . . . . . . . . 11

Fed. R. Crim. P. Rule 11 . . . . . . . . . 8, 14

Fed. R. Crim. P. Rule 41 . . . . . . . . . 9

Fed. R. Crim. P. Rule 52 . . . . . . . . . 5

U.S. Const. Amendment 4 . . . . . . . . . 9

U.S. Const. Amendment 5 . . . . . . . . . 11

U.S. Const. Amendment 6 . . . . . . . . . 14

Other

Charles Alan Wright & Andrew D. Leipold, Federal Practice
and Procedure §130 (4th ed. 2008) . . . . . . 11

## STATEMENT OF JURISDICTION

The U.S. District Court for the District
of Maryland (Baltimore) had original
jurisdiction over this case pursuant
to 18 U.S.C. § 3231, which gives district
courts original and exclusive jurisdiction
over federal crimes. The Defendant
was sentenced on 4/8/22 and a notice
of appeal was filed on or about 4/14/22.
The defendant was sentenced to 204
months with 5 years of supervision.
See JA 81-108 (Appx). This Court, therefore,
has jurisdiction over this appeal under
28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

<u>1</u>

## PROCEDURAL HISTORY

The appellant was Indicted for Conspiracy to commit Sex Trafficking, Conspiracy to commit kidnapping, Transporting Individual to engage in prostitution, and other related Offenses, (In a Ten Count Indictment) on 8/1/2019. The Defense filed a Motion to Suppress Statements and a Motion to Suppress Tangible & Derivative Evidence on or about 12/23/2019. See ECF Docs. 40, 41. On 3/11/2020, the Defense filed [a] Motion to Suppress Jail Calls, Motion to Suppress Evidence, and [a] Motion for a Bill of Particulars. See ECF Docs. 63-65. On 6/29/2020, the Defense filed a Motion to Suppress Historical Cell Site Data. See ECF Doc. 95.

The lower court held [a] Motion hearing(s) on 6/28/2021 and 7/8/2021 on the mentioned PreTrial Motions (ECF Docs. 40, 41, 64, 65, 95) before Hon. U.S. District Judge Blake. On 1/14/2022, the Defense filed a Motion to exclude Expert Testimony or for a Daubert Hearing. See ECF Doc. 195. The Court deemed the Motion to exclude Expert Testimony Moot later on. On 2/2/2022, the lower court arraigned the defendant on a Superceding Indictment. On 2/7/2022, the lower court rendered decisions on the Pretrial motions filed by the defense and denied the defense motions under ECF Docs. 41, 63, 64, 65, and 95.

The defendant entered the Plea Agreement on 2/8/2022, and was sentenced on 4/8/2022, to a total term of Imprisonment of 204 with 5 years of supervision. A notice of appeal was filed 4/14/2022.

2

# STATEMENT OF THE CASE

On 3/12/2020, the defendant and co-defendants were charged in a superseding indictment for Conspiracy to Commit Sex Trafficking, 18 U.S.C. § 1594(c), Kidnapping, 18 U.S.C. § 1201(a)(1), Transporting Individual to Engage in Prostitution, 18 U.S.C. § 2421, and other related offenses. See ECF Doc. 67. The case centers on the allegation of the appellant and co-conspirators kidnapping and transporting an adult female (referred to as K.A.) for prostitution purposes. The allegations in the case alleged that the appellant recruited the victim and used force and/or coercion to keep the victim in compliance and/or submission. It is alleged that the victim called 911 on or about 10/30/18 on co-defendant Aldridge cell phone. Upon the arrival of a State Trooper to a Hotel room, the victim left the custody of co-defendant Murphy who was present in the room. The appellant was arrested two days later. Further facts and details are disclosed in the filed Anders Brief, (10/13/22) by Justin Eisele (Esq.). A joint appendix (volume I & II) was filed by Appellate counsel for this appeal. The appellant filed a letter motion for an extension of time to file this Pro Se Brief. The appellant is convicted of Kidnapping (Count 4) on this instant appeal.

3

## QUESTIONS PRESENTED

Whether the Waiver does not bar an appeal of pretrial motion decisions or a challenge to the validity of the guilty plea before this U.S. Court of Appeals?

Whether the lower court erred in denying the defense motions to suppress and exclude certain prejudicial evidence that would have abrogated the defendant's right to a fair trial?

Whether the appellant entered the plea agreement involuntary and unintelligently due to Ineffective Assistance of Counsel violating Hill vs. Lockhart?

4

## Standard of Review

This Circuit Court may grant relief for "plain error" even if the error was not raised and preserved in the lower court. See Fed. R. Crim. P. Rule 52(b). The appellant seeks an appeal based on "plain error", the defendant's claims show (1) there was an error, (2) that it was "clear or obvious", and (3) it affected the defendant's "substantial rights". See e.g. U.S. vs. Edgell, 914 F.3d 281, 290-91 (4th Cir. 2019); U.S. vs. Fuertes, 805 F.3d 485, 500 (4th Cir. 2015) ("error was "clear and obvious"). The appellant's argument I & III call for a plain error review.

When reviewing a district court's ruling on a Motion to suppress, this Circuit reviews factual findings for clear error and legal determinations de novo, construing the evidence in the light most favorable to the prevailing party. See U.S. vs South, 2022 U.S. App. LEXIS 23015 (4th Cir.); also see U.S. vs. Lull, 824 F.3d 109 (4th Cir. 2016). The appellant seeks such a review for argument II relating to his denied pretrial motions.

5

# ARGUMENTS

## I

## THE WAIVER DOES NOT BAR AN APPEAL OF PRETRIAL MOTION DECISIONS OR A CHALLENGE TO THE VALIDITY OF THE GUILTY PLEA BEFORE THIS U.S. COURT OF APPEALS

The appellant argues that on it's plain face, the waiver encompassed in the Plea Agreement does not say that the appellant "cannot appeal a past motion decision to the Court of Appeal". Instead, the waiver states that appellant "cannot file Pretrial Motions with this Court", meaning the U.S. District Court where the plea agreement was filed. A waiver was entered that precluded a challenge to the sentence within the agreed guideline range, however, it does not bar an attack or challenge towards the guilty plea in the instant case.

The Court of Appeals will review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." See U.S. vs. Adams, 814 F.3d 178, 182 (4th Cir. 2016). The written waiver does not bar the claims raised in this brief. The opinion in Adam went further in holding, "[I]n the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes

6

the validity of the waiver." See id at 182. Nonetheless, the writing requirement ensures careful attention to any conditional plea and makes plain to the parties and the Court that a particular plea was in fact conditional as well as precisely what pretrial issues have been preserved for appellate review. See e.g. U.S. vs Fitzgerald, 820 F.3d 107, 110-111 (4th Cir. 2016) ("challenging the denial of his suppression motion and his motion for a Franks hearing"). The written waiver does not specify to appellant his ability to appeal any past Orders & Decisions to this Court of Appeals.

The Plea Allocution (Rule 11) hearing held on 2/8/2022, only once addressed the Pretrial Motions during the hearing: (see Page 9, lines 12-19)

THE COURT: All right, sir. And do you understand that when you plead guilty you're giving up your right to try to suppress any statements that you made, keep something out of evidence that might have taken from you, pretrial motions? We've litigated some of them, but you give up the pretrial motions, you give up any defense that you might have to this charge when you plead guilty. Do you understand that?

THE DEFENDANT: Yes.

In the instant case, even an attorney can mistaken these warnings as giving up the right to file future motions like "Motions in limine and motion to exclude evidence pursuant to Fed. R. Evid. 403."

The Court did not state "you give up the right to appeal the denials of your decided Pretrial motions" or "you give up the right to appeal this Courts prior decisions to the Court of Appeals." A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences," See U.S. vs. Fisher, 711 F.3d 460, 464 (4th Cir. 2013).[1] If the appellant entered the plea agreement without knowing or being informed he was giving up said right to appeal his prior motion decisions than he should be remanded back to the lower court for a new Plea Allocution hearing (pursuant to Fed. R. Crim. P. Rule 11) to either enter a specific conditional plea or be allowed to withdraw the plea of guilty.

For this argument, this Circuit Court should review appellant's challenges to the denial of his Pretrial Motions, or in the alternative form of relief this Circuit Court should order the case remand back to the lower court for a new hearing (pursuant to Fed. R. Crim. P. Rule 11) with instructions consistent with this Court's opinion. And grant such other relief as this Court deems just and proper.

---

1. Defendant was not informed by counsel all the special conditions that he would be imposed under while on supervision, nor was he informed that he would lose access to trulincs messaging and that he would not be eligible for certain early release credits under the First Step Act.

## II

# THE LOWER COURT ERRED IN DENYING THE DEFENSE MOTIONS TO SUPPRESS AND EXCLUDE CERTAIN PREJUDICIAL EVIDENCE THAT WOULD HAVE ABROGATED THE DEFENDANT'S RIGHT TO A FAIR TRIAL

The Appellant argues that the lower court erred in denying his defense motions to suppress statements, suppress jail-phonecalls, and certain seized evidence. See ECF Docs. 41, 63, 64, 65, & 210. The Appellant argues that he has a constitutional right to an expectation of privacy and to be free of an unlawful search & seizure [without a warrant based on probable cause]. See U.S. Const. Amend. 4. Compliance with Fed. R. Crim. P. Rule 4 and Rule 41 may be required when federal agents are involved with the execution of state-issued warrants. See eg. U.S. vs. Tedford, 875 F.2d 446, 448 (5th Cir. 1989). Due to Appellate counsel's refusal to give appellant access to the Motion hearing transcript (see ECF Doc. 171, 174) the appellant requests this Circuit Court review the record and reverse the lower court decisions and allow the defendant to withdraw his entered Plea so he may proceed to a trial.[2]

---

2. The Appellant's extension of time to file a Pro Se Brief (dated 10/28/22) notified this Circuit about Appellate Counsel refusal to send appellant the Motion hearing transcript and Counsel refusal to communicate w/ appellant.

9

The lower court erred in denying the Motion to suppress cellsite information as the Government had no probable cause to track or back-track the appellant's movements or "possible call/text locations. In U.S. vs. Camou, the Ninth Circuit held a warrantless search of cellphone in trunk invalid because [there was] no exigency present when [search was] conducted 1 hour & 20 minutes after arrest. See 773 F.3d 932, 942-43 (9th Cir. 2014). The Government's case centered on one alleged victim in custody while conspirators & accused were clearly detained, so the cause for cell-site info. did not serve an exigent circumstance like a co-conspirator being "on the run" or a "danger/risk to officers" in the case, thus a search should have been deemed invalid. See e.g. U.S vs Wurie, 728 F.3d 1, 9-13 (1st Cir. 2013) (warrantless search of cell phone invalid because information therein usually stored in home and unavailable during arrest, and search unnecessary to protect officers or preserve evidence because no exigency present).

The Appellant argues that the lower court erred in denying motions (ECF Docs. 41, 63) on certain statements, violating the Fifth Amendments protections related to statements

10

being used to incrimidate the accused. See U.S. Const. Amend. 5. In addition, the lower court committed a harmful error in denying defense request for a Bill of Particulars, which counsel required to prepare an adequate trial defense [that may have included using impeachment material to cross-examine the Governments potential witnesses]. The Court of Appeals for the Sixth Circuit has held that the purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise[s] at trial. See U.S. vs Salisbury, 983 F. 2d 1369, 1375 (6th Cir. 1993).[3] The Trial Court erred by denying the defense counsel the key information needed to make further motions and/or motions in limine, for a proper trial defense.

For this argument, the lower court motion denials should be reversed and the conviction should be vacated so the defendant may withdraw the Plea and proceed to Trial, or in the alternative, new counsel should be appointed to file a Supplemental Brief on this claim for further review. And grant such other and further relief this Court deems just and proper.

---

3. Also see Fed. R. Crim. P. Rule 7(f); Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure §130 (4th ed. 2008).

## III

## THE APPELLANT ENTERED THE PLEA AGREEMENT INVOLUNTARY AND UNINTELLIGENTLY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL VIOLATING HILL VS. LOCKHART

The U.S. Supreme Court has held that a guilty plea is constitutionally sound only to the extent it is "Voluntary" and "Intelligent", and "a plea does not qualify as Intelligent unless a criminal defendant first receives real notice of the true nature of the charge against [him]." See Bousley vs. U.S., 523 U.S. 614, 618, 118 S.Ct. 1604 (1998). The appellant argues that he was not informed of the paragraph on page 3 of "Attachment A" to the Plea Agreement, regarding any conspiracy to attempt to commit murder, and such a matter was already disputed in a State Court. See Appx. JA78. The appellant was not fully aware he signed a Stipulation of Facts encompassing conduct that would be considered later on in determining a sentence at the higher end of any guideline range. The Prosecutor read out loud the stipulated "Attachment of Facts" at the 2/8/22 Plea Allocution hearing, which

12

virtually blindsided an unprepared defendant.
See Plea Hearing Trans. pg. 17-18. The defendant
simply answered "Yes" to an entire reading
without saying or given the opportunity to
dispute certain parts of the story. At
sentencing, the defendant voiced his
opinion on the stipulated facts in Attachment
A and what was disclosed on the record
by saying: (Sentencing Hearing 4/8/22)
    "For the fact of me accepting this deal, I
    was expecting to actually have the total
    truth being said from the victim but that
    wasn't the fact so that's all I have
    to say." (see Sen. Trans. pg. 23, lines 6-9)
The defendant clearly advocated he was
not provided effective assistance of counsel
when entering the plea. In the context of a
guilty plea, a defendant can satisfy the
prejudice prong of Strickland by demonst-
rating that, but for counsel's deficient
performance, a reasonable probability
exists that defendant would not have
pleaded guilty and instead would have
insisted on a trial. See Hill vs. Lockhart,
474 U.S. 52, 59 (1985); also see U.S. vs. Swaby,
855 F.3d 233, 244 (4th Cir. 2017). The defendant
has already shown in the State Court that he

13

would take the case to trial to dispute the conduct for the charge of conspiracy to commit murder and other alleged conduct within the instant case. The appellant has the constitutional right to the effective assistance of counsel in all criminal proceedings and that same right carries over even when entering a plea agreement. See U.S. Const. Amend. 6. The appellant was deprived of this right when entering the plea agreement. Thus, the defendant wishes to proceed to trial if this Court grants appellant the ability to withdraw the plea pursuant to Fed. R. Crim. P. Rule 11(e).

For this argument, the plea agreement should be withdrawn and the conviction vacated and this instant case remanded for trial. And grant such other and further relief this Court deems just and proper.

14

## CONCLUSION

WHEREFORE, for the arguments raised, this Court of Appeal should review the claims raised and vacate the conviction and remand the instant case to the lower court for the reversal of Pretrial Motion decision(s) and/or to hold a Fed.R.Crim.P. Rule 11 hearing, and for further proceedings consistent with this Circuit Court opinion. And grant such other and further relief this Court of Appeals deems just and proper.

Date: 1/ 11 /2023

Joshua I Lankford

Joshua I. Lankford
Reg.# 64899-037
Federal Corr. Institution-Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525
Appellant-Defendant

C: Justin Eisele (Esq.)
SEDDIQ LAW FIRM
P.O. Box 1127
Rockville, MD 20850
Counsel for Appellant

15

## Certificate of Compliance

I, Joshua I. Lankford, duly affirms under penalty of perjury, depose and says: I have composed this Brief to comply with 4th Cir. Local Rule 32(b) as to the length of Briefs, and this Brief is less than 30 pages and contains less than 13,000 words.

I declare under penalty of perjury that the above-foregoing is true and correct as to my own belief and knowledge.

Executed: 1/11/2023
Bruceton Mills, WV

Joshua Lankford
Joshua I. Lankford
Appellant - Pro Se

16

## Certificate of Service

I, Joshua I. Lankford, duly affirms under penalty of perjury, depose and says: I am a party to the proceeding herein and I am over the age of 21, on the executed date below, I have served a true copy of the Pro Se Supplemental Brief, within a Prepaid envelope to be delivered via USPS Regular Mail, upon the parties listed below:

Mary W. Setzer
U.S. Attorney Office
for the District of Maryland
36 South Charles Street, 4th fl.
Baltimore, MD 21201

Mr. Justin Eisele (Esq)
SEDDIQ LAW FIRM
P.O. Box 1127
Rockville, MD 20850

Clerk's Office
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3525

I declare under penalty of perjury that the above-foregoing is true and correct as to my own belief and knowledge.

Executed date: 1/11/2023
Bruceton Mills, WV

Joshua Lankford
Joshua I. Lankford
Affirmant - Pro Se

17

Federal Corr. Institution-Hazelton
Joshua I. Lankford     Reg.# 64899-037#
P.O. Box 5000
Bruceton Mills, WV 26525

To: Clerk of the Court
Clerk's Office
U.S. Court of Appeals for the
Lewis F. Powell, Jr, U.S